**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-30123 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 6:20-cr-00008-BMM-1 |
| JEFFREY ROBERT IGOE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted March 11, 2022[**]
Seattle, Washington

Before:  NGUYEN, MILLER, and BUMATAY, Circuit Judges.

Jeffrey Igoe appeals his conviction for the unlawful taking of a firearm from a licensed firearm dealer, in violation of 18 U.S.C. § 922(u), and possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1.      The district court did not err by denying Igoe's pretrial motion to dismiss because of spoliation of evidence. We review whether a criminal defendant's due process rights were violated by the government's failure to collect or preserve potentially exculpatory evidence de novo, and we review the district court's factual findings for clear error. *United States v. Sivilla*, 714 F.3d 1168, 1172 (9th Cir. 2013); *see Miller v. Vasquez*, 868 F.2d 1116, 1119–21 (9th Cir. 1989). Police do not have an "undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution." *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). Instead, only "a bad faith failure to collect potentially exculpatory evidence would violate the due process clause." *Miller*, 868 F.2d at 1120. And the presence or absence of good faith "turns on the government's knowledge of the apparent exculpatory value of the evidence at the time it was lost or destroyed." *Sivilla*, 714 F.3d at 1172 (quoting *United States v. Cooper*, 983 F.2d 928, 931 (9th Cir. 1993)).

The government introduced security footage of Igoe taking a pistol out of a pawn shop's display case and leaving the shop with the gun in his pocket. The events before and after, although caught on video, were not collected and preserved by police and were automatically deleted by the pawn shop two days later. But there is no evidence that police acted in bad faith. Igoe does not suggest that police knew of any exculpatory value of the remaining surveillance video or

2

even that they were aware other video existed. In the absence of bad faith, Igoe cannot establish a due process violation.

2. The district court did not abuse its discretion by denying Igoe's proposed adverse-inference instruction on spoliation of evidence. We review "a district court's refusal to give an adverse inference instruction, when properly raised by the appellant, for abuse of discretion." *Sivilla*, 714 F.3d at 1172. "[A]n instruction concerning evidence lost or destroyed by the government is appropriate when the balance between 'the quality of the Government's conduct and the degree of prejudice to the accused' weighs in favor of the defendant." *United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (quoting *United States v. Loud Hawk*, 628 F.2d 1139, 1152 (9th Cir. 1979) (en banc) (Kennedy, J., concurring), *overruled on other grounds by United States v. W.R. Grace*, 526 F.3d 499, 506 (9th Cir. 2008) (en banc)).

Here, the police failed to gather additional footage from the pawn shop, but no evidence "was lost or destroyed while in the government's custody." *Robertson*, 895 F.3d at 1213. And as we have explained, there is no evidence that the police acted in bad faith. There is also no indication that Igoe "was prejudiced by [the video's] destruction." *See United States v. Romo-Chavez*, 681 F.3d 955, 961 (9th Cir. 2012). Igoe was able to argue at trial that, as defense counsel put it, the pawn shop employee "call[ed] his buddy to capture this one little segment of the

3

surveillance film" before calling police, and he further testified about the events before and after those captured in the video. No adverse-inference instruction was warranted here. *See Robertson*, 895 F.3d at 1214 ("[T]he probable effect on the jury from the absence of the video was not significantly prejudicial because [defendant's] counsel was permitted, and did, argue before the jury that [the police] failed to preserve the video.").

3.     Finally, the evidence was sufficient to support Igoe's conviction. Sufficient evidence exists if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The government introduced (1) surveillance video of Igoe surreptitiously removing a gun from its display case and putting it in his pocket; (2) store employee testimony corroborating that account; and (3) police testimony identifying the pistol found on Igoe's person later that day as the stolen pistol. And while Igoe's testimony at trial contradicted the government witnesses' testimony, factual disputes and credibility determinations are within the purview of the jury. *See United States v. H.B.*, 695 F.3d 931, 935 (9th Cir. 2012). The jury could reasonably have concluded that Igoe was guilty of the charged offenses beyond a reasonable doubt.

**AFFIRMED.**